Arena Vantage SPV, LLC v Actionable Process LLC

2026 NY Slip Op 02722

April 30, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Arena Vantage SPV, LLC, Plaintiff-Respondent,

v

Actionable Process LLC, et al., Defendants-Appellants.

Decided and Entered: April 30, 2026

Index No. 654396/24|Appeal No. 6505|Case No. 2025-00817|

Before: Kennedy, J.P., Gesmer, González, Rosado, Chan, JJ.

Latham & Watkins LLP, New York (Peter Trombly of counsel), for Creative Cables LLC, Agile Creations LLC, Actionable Process LLC, Creative Electronics LLC, Bamboo Highway LLC, Activation Nation LLC, Creative Home Products LLC, Boat Ocean LLC, Active Creations LLC, Cube Entity LLC, Bold Adventures LLC, Active Goods LLC, Floating Roof LLC, Box Technologies LLC, Active Hardware LLC, Freeway Technologies LLC, Boxed Goods LLC, Active Inc Refill LLC, Front Mission LLC, Building Premium LLC, Active Items LLC, General Tradition LLC, Active Paper LLC, Highway Triangle LLC, Active Production LLC, Item Build LLC, Active Sublimation LLC, Kite Technologies, LLC, Mountain Org, LLC, Nationwide Mountain, LLC, Patio Hill, LLC, Premium Items, LLC, Product Select, LLC, Production Goods, LLC, Project Quantico, LLC, Propelio, LLC, Rectangle Org, LLC, Rooftop Org, LLC, Sports Fanatics, LLC, Square Technologies, LLC, and Squared Entity, LLC, appellants.

Seward & Kissel LLP, New York (Jack Yoskowitz of counsel), for CoVenture —Vantage Credit Opportunities GP, LLC., appellant.

Pillsbury Winthrop Shaw Pittman LLP, New York (Edward Flanders of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Andrew J. Borrok, J.), entered on or about January 22, 2025, which, to the extent appealed from, denied so much of defendants' motions as sought to dismiss the second cause of action for breach of contract against defendant guarantors and the third cause of action for breach of contract against defendant CoVenture — Vantage Credit Opportunities GP, LLC (Deal Agent), and the fourth cause of action for breach of the implied covenant of good faith and fair dealing as against all defendants, unanimously modified, on the law, to grant the motion as to the third cause of action for breach of contract against Deal Agent, and otherwise affirmed, without costs.

Although Supreme Court correctly concluded that the loan agreement precluded plaintiff from asserting a breach of contract cause of action against the borrower, we disagree with the court's conclusion that the plaintiff stated a claim against the Deal Agent, because nothing in the loan agreement affirmatively requires the Deal Agent to take enforcement action designed to protect what plaintiff perceives to be in its own best interest. Pursuant to paragraph 9.1(a) of the loan agreement, the Deal Agent's obligations upon default are limited to those expressly set forth in the loan agreement. Section 7.2 of the loan agreement provides that the Deal Agent "[m]ay with the consent of the Required Lenders, or at the direction of the Required Lenders shall" take certain remedial action in the event of default. Section 9.1 (c) of the loan agreement provides that the Deal Agent "shall take such action with respect to such Event of Default . . . as may be requested by the Required Lenders, or as the Deal Agent shall deem advisable or in the best interest of the Lenders." It is undisputed that the Required Lenders have not directed the Deal Agent to take any action. The loan agreement gives the Deal Agent discretion to determine whether an action is "advisable or in the best interest of the Lenders." Since the complaint fails to allege that the Deal Agent violated any mandatory, non-discretionary obligation under the loan agreement, it fails to state a cause of action for breach of contract by the Deal Agent (see IKB Intl., S.A. v Wells Fargo Bank N.A., 40 NY3d 277, 285 [2023]).

[*2]

The same cannot be said, however, with respect to plaintiff's breach of contract action against the guarantors. Section 10.1 of the loan agreement provides that "each Guarantor hereby unconditionally and irrevocably guarantees to the Lenders, the due and punctual payment of . . . principal of and interest on" the amounts outstanding under the loan agreement. In the event the borrower failed to make the guaranteed payment, "each Guarantor hereby unconditionally agrees to make such payment . . . as if such payment were made by the Borrower." Section 10.2 reiterates this point by stating that "[t]he obligations of the Guarantors under this Article X shall be unconditional and absolute." Unlike the provision governing the Deal Agent, nothing in this section restricts recovery by the lenders on the guaranty to collective action. We can assume from the difference in the language employed between the two sections that the parties intended that the lenders could severally seek to enforce the agreement (see generally Frank B. Hall & Co. of N.Y. v Orient Overseas Assoc., 48 NY2d 958, 959 [1977]).

Supreme Court correctly found that plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing was not duplicative of the breach of contract claims, as the "complaint alleges conduct that is separate from the conduct constituting the alleged breach of contract and such conduct deprived the other party of the benefit of its bargain" (AEA Middle Mkt. Debt Funding LLC v Marblegate Asset Mgt., LLC, 214 AD3d 111, 133 [1st Dept 2023]). This is true even though, as we find here, the Deal Agent did not violate the terms of the loan agreement by failing to take the enforcement action sought by plaintiff (see Credit Agricole Corporate v BDC Fin., LLC, 135 AD3d 561, 561 [1st Dept 2015]), and even though some of the allegations overlap (see Botbol v Frosch Intl. Travel Inc., 222 AD3d 471, 472 [1st Dept 2023]).

We have considered the remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 30, 2026